THORNE C. RENFRO and LOUISE F. RENFRO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE
Renfro v. Commissioner
Docket No. 36534-86.
United States Tax Court
T.C. Memo 1988-573; 1988 Tax Ct. Memo LEXIS 597; 56 T.C.M. (CCH) 877; T.C.M. (RIA) 88573; December 19, 1988. Thorne C. Renfro, pro se. James W. Clark, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: In separate notices of deficiency, respondent determined deficiencies in, and additions to, Federal income taxes of each petitioner as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
Sec. 6661
1983
$ 20,562
$ 4,642
* $ 1,028
$ 1,105
$ 2,056
1984
15,221
1,404
** 761
202
1,522
Respondent also seeks an award of damages against each petitioner pursuant to section 6673. The issues for determination are: 1) whether each petitioner received, but failed to report, income as determined by respondent; 2) whether each petitioner is liable for the addition to tax for failure to timely file a return pursuant to section 6651(a)(1); 3) *599 whether each petitioner is liable for the additions to tax for negligence pursuant to sections 6653(a)(1) and (2); 4) whether each petitioner is liable for the addition to tax for failing to make estimated tax payments pursuant to section 6654(a); 5) whether each petitioner substantially understated his/her tax liability such that each is liable for the addition to tax pursuant to section 6661; and 6) whether damages to the United States should be awarded pursuant to section 6673. FINDINGS OF FACT Petitioners, husband and wife, resided in Winters, California, at the time they filed their petition. In his notices of deficiency, respondent determined that petitioners received, but failed to report, wages and interest totaling $ 115,314 for 1983 and $ 97,666 for 1984. Respondent also determined that petitioners received a $ 1,000 taxable I.R.A. distribution in 1983. Because petitioners were domiciled in a community property state during both 1983 and 1984, and since the unreported income was community income, respondent allocated one-half of the unreported amounts to each spouse. Petitioners assert in their petition that they possess documentary evidence to disprove respondent's *600 determinations; however, they failed to produce such documentation. Petitioners filed lengthy, protestor-type documents with the Court, and when the case was called for trial, they refused to give any meaningful testimony. OPINION The first issue for determination is whether petitioners are liable for the deficiencies as determined by respondent. Respondent's determinations are presumptively correct, and petitioners bear the burden of proving otherwise. Rule 142(a). Since petitioners presented no evidence to rebut respondent's determination, the deficiencies as determined by respondent are sustained. Respondent determined that each petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless such failure is due to reasonable cause and is not due to willful neglect. Petitioners bear the burden of proving that the section 6651(a)(1) addition to tax does not apply. ; ; Rule 142(a). They failed to do so; thus, each petitioner is liable *601 for the section 6651(a)(1) addition to tax as determined by respondent. Respondent determined that each petitioner is liable for additions to tax for negligence or intentional disregard of rules and regulations pursuant to sections 6653(a)(1) and (2). Petitioners bear the burden of proving that their underpayment of tax was not due to negligence. ; . Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners failed to meet their burden of proof; therefore, we sustain respondent's determination of the additions to tax under sections 6653(a)(1) and (2). Respondent determined additions to tax under section 6654 for underpayment of estimated tax. Petitioners bear the burden of proving that they are not liable for the section 6654 addition to tax. ; . They *602 failed to present any evidence to rebut the presumption of correctness that attaches to respondent's determination; thus, each petitioner is liable for the section 6654 addition to tax. . Respondent also determined that petitioners' understatements of tax were substantial and that they are therefore liable for the addition to tax pursuant to section 6661. An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. Section 6661(b) (1)(A). The amount of understatement is reduced by the portion of the understatement which is attributable to a taxpayer's treatment of an item if there is or was substantial authority for such treatment, or if the relevant facts affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return. Sections 6661(b)(2)(B)(i) and (ii). Petitioners neither had substantial authority for failing to report their income tax liability nor did they adequately disclose facts pertaining to such treatment. As such, each petitioner is liable for the section 6661 addition to tax. *603 Although the correct rate of the addition is 25 percent of the underpayment, , respondent asserted a rate of 10 percent and failed to assert the higher 25 percent rate at or before the hearing. See section 6214(a). Each petitioner is therefore liable only for 10 percent of the underpayment. The final issue is whether an award of damages to the United States pursuant to section 6673 [2] is appropriate. Petitioners failed to stipulate facts as ordered by the Court and refused to present any evidence. The position taken by them in various documents which they filed with the Court was frivolous. Their actions have resulted in a prodigal waste of limited judicial and administrative resources; therefore, they must bear the consequences. Accordingly, we award damages to the United States, pursuant to section 6673, in the amount of $ 2,500 with respect to each petitioner. *604 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50% of the interest due on $ 20,562. ↩
**. Plus 50% of the interest due on $ 15,221. ↩
2. Sec. 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩